IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-212-N |
| | § | |
| JPMORGAN CHASE, et al., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management.

Before the Court for recommendation is *Defendants' Motion to Dismiss and Brief in Support or*

*Alternatively Motion for More Definite Statement*, filed January 26, 2012 (doc. 5). Based on the

relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

This action arises out of an attempted foreclosure of real property located at 1204 Lake

Forest Drive, Grand Prairie, Texas (the property). (doc. 1-6.) On December 29, 2011, plaintiff Roy

Bennett (Plaintiff) filed this action against JPMorgan Chase Bank, N.A. (JPMC), and U.S. Bank

National Association, as Trustee for J.P. Morgan Acquisition Corp 2006-WMC1, Asset Backed

Pass-Through Certificates, Series 2006-WMC1 (U.S. Bank) (collectively Defendants). (*Id.*) He

asserts a claim for fraud and misrepresentation and seeks to restrain and enjoin a posted foreclosure

sale on his property. (*Id.*)[1]

His verified complaint, filed in state court, alleges that he obtained the property on December

---

[1] Plaintiff incorrectly sued JPMC as "JP Morgan Chase" and U.S. Bank as "U.S. National Bank National Association, as trustee."

29, 2005, with a note and deed of trust lien in favor of WMC Mortgage.  (doc. 1-6 at 2-3.)  At some

unspecified point in time, JPMC then allegedly posted the property for a foreclosure sale purporting

to be an assignee of WMC Mortgage's note.  (*See id.*)  JPMC allegedly failed to provide Plaintiff

with proof of ownership of the note, failed to file a proper assignment in the real property records,

and failed to provide proof that it had standing to foreclose under the deed of trust.  (*See id.*)

Plaintiff claims that when he filed for a loan modification for which he qualified, JPMC represented

that it would postpone the foreclosure to allow for the processing of the loan modification, but it

never intended to, and failed to, abide by its representations.  (*Id.* at 3.)  Plaintiff also claims that

there was "non-compliance with sale procedures," as he was not provided the written notice of sale

required by Section 51.002 of the Texas Property Code.  (*Id.* at 3-4.)  He explains that the trustee

described in the deed of trust did not send the notice, and JPMC had no right to send it.  (*Id.*)

On December 30, 2011, the state court issued a temporary restraining order prohibiting the

foreclosure, sale, transfer, or conveyance of the property, and scheduled a hearing for January 23,

2012.  (doc. 1-8 at 1-2.)  On January 20, 2012, Defendants removed the action to this court on the

basis of diversity jurisdiction.  (doc. 1.)  A few days later, Defendants moved to dismiss Plaintiff's

complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and in the alternative for a more

definite statement pursuant to Fed. R. Civ. P. 12(e).  (doc. 5.)  With a timely filed response (doc. 8)

and reply (doc. 10), the motions are now ripe for consideration.

## II.  RULE 12(b)(6) MOTION

Construing Plaintiff's complaint as asserting claims for misrepresentation and fraud and

wrongful foreclosure, Defendants move to dismiss the claims for failure to state a claim under Rule

12(b)(6).  (doc. 5 at 4-8.)  They argue that most, if not all, of Plaintiff's claims are premised on his

assertions that JPMC was not permitted to foreclose on the property because it failed to provide him with proof of ownership of the note and deed of trust, and failed to file a proper assignment of the note and deed of trust in the real property records, and that these assertions are inconsistent with Texas law.  (*Id.* at 2-3.)  Defendants also move for dismissal of Plaintiff's request for injunctive relief.  (*Id.* at 8.)

## A.  Rule 12(b)(6) Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.[2]  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and

---

[2] In the Rule 12(b)(6) context, pleadings include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

The alleged facts must "raise a right to relief above the speculative level." *Id.* In short, a complaint

fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state

a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across

the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at

570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B. Wrongful Foreclosure Claim**

As noted, Plaintiff claims that JPMC failed to comply with sale procedures outlined in Tex.

Prop. Code § 51.002. (doc. 1-6 at 3-4.) Although he appears to concede that JPMC provided him

the notice required by Tex. Prop. Code § 51.002, he asserts that only the trustee described in the

deed of trust, and not JPMC, had the right to provide such notice. (*Id.*) Construing this claim as a

wrongful foreclosure claim, Defendants move to dismiss it on grounds that the assertions underlying

the claim are inconsistent with Texas law. (doc. 5 at 3-8.) They also argue that Texas law does not

recognize a "wrongful attempted foreclosure" claim or a wrongful foreclosure claim where the

plaintiff does not lose possession of the property. (*Id.* at 5-8.)

The purpose of a wrongful foreclosure claim is to protect mortgagors against mistake, fraud,

or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D.

Tex. 2001) (citation omitted). In Texas, "a debtor may recover for wrongful foreclosure when an

4

irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank*, NA, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). The debtor must show either that the mortgagee failed to comply with statutory or contractual terms, or complied with such terms, yet took affirmative action that detrimentally affected the fairness of the foreclosure proceedings. *Sky/RGS Props., Ltd. v. First Nat'l Bank*, 1996 WL 707014, at *3 (N.D. Tex. Dec.4, 1996) (citing *First State Bank v. Keilman*, 851 S.W.2d 914, 921-22 (Tex. App.—Austin 1993, writ denied)). "Section 51.002 of the Texas Property Code governs a foreclosure sale of real property pursuant to a deed of trust and provides specific requirements as to the time and place a foreclosure sale must be held, as well as to the notices that must be given before the sale." *Bittinger v. Wells Fargo Bank NA*, 744 F.Supp.2d 619, 625 (S.D. Tex. 2010) (citing Tex. Prop. Code § 51.002).

Here, Plaintiff alleges that JPMC had no right to proceed with a non-judicial foreclosure on the property, or to provide notice of sale, because it failed to provide proof of ownership of the note and deed of trust and failed to file a proper assignment in the real property records. (doc. 1-6 at 3-4.) In arguing that JPMC was required to hold, possess, or produce the note and deed of trust before foreclosing on his residence, Plaintiff is essentially pleading the so-called "show me the note theory." *See Cervantes v. U.S. Bank Nat'l Ass'n*, 2012 WL 160555, at *3 (N.D. Tex. May 8, 2012). "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loan Servicing, L.P.*, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011) (citation and internal quotation marks omitted). The theory has been repeatedly rejected in this circuit and has no merit. *See e.g. id.*; *Cervantes*, 2012 WL 160555, at *3; *Broyles v. Chase Home Fin.*, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13,

5

2011); *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at \*2 (N.D. Tex. May 27, 2011).

"Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgager servicer to administer a deed of trust foreclosure without production of the original note." *Willard v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 874552, at \*3 (E.D. Tex. Feb. 21, 2012) (collecting cases). The Texas Property Code defines "mortgagee" as: (1) the grantee, beneficiary, owner, or holder of a security instrument; (2) a book entry system; or (3) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record. Tex. Prop. Code § 51.0001(4). A "mortgage servicer" is "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.*, § 51.0001(3). A mortgagee may be the mortgage servicer. *Id.* Here, Plaintiff does not claim that JPMC was not the mortgagee or mortgage servicer on the mortgage loan, or any facts to support such allegations. He claims only that JPMC had no right to foreclose or provide a notice of sale because it did not provide proof of ownership of the note and deed of trust – a theory that has been debunked consistently by Texas courts.

Plaintiff's assertion that JPMC was not entitled to foreclose or send the notice of sale because it failed to file any assignment in the real property records also has no merit. "'Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments.'" *Cervantes*, 2012 WL 160555, at \*3 (quoting *Broyles*, 2011 WL 1428904, at \*2); *see also Bittinger*, 744 F.Supp.2d at 625 (finding no legal ground for a wrongful foreclosure claim where the plaintiff alleged that the defendant bank failed to record the assignment of a deed of trust in the county real property records); *Broyles*, 2011 WL 1428904, at \*2 (rejecting the plaintiffs' assertions that all transfers and assignments of the note and

deed of trust should have been recorded before the defendant bank foreclosed on the property).
"Under Texas law, the ability to foreclose on a deed of trust is transferred when the note is
transferred, not when an assignment of deed of trust is either prepared or recorded." *Bittinger*, 744
F.Supp.2d at 625 (citing *JWD, Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329-30 (Tex. App.—Austin
1991, no writ)).  Again, Plaintiff does not allege that an assignment was not made to JPMC, only
that the assignment, if any, was not recorded in the real property records.

Plaintiff's wrongful foreclosure claim is subject to dismissal for failure to state a claim.[3]

## C.  Misrepresentation and Fraud

Defendants next move to dismiss Plaintiff's claim for misrepresentation and fraud for failure
to meet the heightened pleading requirement of Fed. R. Civ. P. 9(b).

Plaintiff's claim for misrepresentation and fraud is properly characterized as a fraud by
affirmative misrepresentation claim.  The elements of the claim in Texas are: (1) the defendant made
a representation to the plaintiff; (2) the representation was material; (3) the representation was false;
(4) when the defendant made the representation, he knew it was false or made it recklessly and
without knowledge of its truth; (5) the defendant made the representation with the intent that the
plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused
injury to the plaintiff.  *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029,
1032-33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573,
577 (Tex. 2001)).

---

[3] The wrongful foreclosure claim is also subject to dismissal because Plaintiff does not allege that a foreclosure sale has
occurred; the sale was restrained by the state court order.  Since "an inadequate selling price is a necessary element of
a wrongful foreclosure action, a foreclosure sale is a precondition to recovery." *Biggers v. BAC Home Loans Servicing,
LP*, 767 F.Supp.2d 725, 729 (N.D.Tex. 2011).  "Texas courts have yet to recognize a claim for 'attempted wrongful
foreclosure.'"  *Id.*

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

Plaintiff's allegations with respect to his fraud claim consist of general assertions that when he applied for a loan modification, JPMC represented that it would postpone the foreclosure to allow for the processing of the modification, but did not intend to, and failed to, abide by those misleading representations. (doc. 1-6 at 3.) He also alleges that JPMC intentionally misled him so as to prevent him from taking other actions to protect his interests, and that he relied on its misrepresentations. (*Id.* at 3, 6.) Although he specifies JPMC's alleged misrepresentations, he does not lay out the "who, what, when, where, and how" with respect to his fraud claim. *See Benchmark Elecs.*, 343 F.3d at 724. As noted, "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. Without these specific allegations, Plaintiff's fraud claim is subject to dismissal for failure to meet

the heightened pleading requirements of Rule 9(b).

**D.  Injunctive Relief**

Defendants also move to dismiss Plaintiff's claim for injunctive relief, arguing that the claim cannot survive without a viable cause of action.  (doc. 5. at 8.)

"To obtain injunctive relief, plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Since dismissal of Plaintiff's claims is warranted on the merits, he cannot establish any likelihood of success on the merits.  *See id.*  Defendants are therefore entitled to dismissal of Plaintiff's request for injunctive relief as well.

### III.  OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal, *see Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1.  Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted

9

the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff specifically requests in his response that he should be afforded leave to amend his complaint if the court identifies any defects in it. (doc. 8 at 4.) In addition, he has not amended his complaint since filing this action, and it does not appear that he has pled his best case to the court, especially with respect to his fraud claim. He should therefore be accorded an opportunity to amend his complaint to sufficiently state a claim for relief.[4]

## IV.  RECOMMENDATION

If Plaintiff does not file an amended complaint that states a claim for relief within the 14 days for objections to this recommendation, or a deadline otherwise set by the Court, Defendants' motion to dismiss should be **GRANTED**, their alternative motion for a more definite statement should be **DENIED as moot**, and all of Plaintiff's claims against them should be dismissed with prejudice. If Plaintiff timely files an amended complaint, however, both the motion to dimiss and the alternative motion for a more definite statement should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED on this 12th day of June, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] As all of Plaintiff's claims are subject to dismissal for failure to state a claim and he is entitled to an opportunity to amend, there is no need to consider Defendants' alternative motion for a more definite statement, and the motion should be **DENIED as moot**.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11