# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ROY BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-212-N |
| | § | |
| JPMORGAN CHASE, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management. Before the Court for recommendation is *Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support*, filed July 10, 2012 (doc. 17). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

This action arises out of an attempted foreclosure of real property located at 1204 Lake Forest Drive, Grand Prairie, Texas (the Property). (doc. 1-6.)[1] On December 29, 2011, Roy Bennett (Plaintiff) sued JP Morgan Chase Bank, N.A. (JPMC) and U.S. Bank National Association, as Trustee for J.P. Morgan Acquisition Corp 2006-WMC1, Asset Backed Pass-Through Certificates, Series 2006-WMC1 (U.S. Bank) (collectively, Defendants), asserting claims for misrepresentation and fraud and seeking injunctive relief. (*See id.*) On June 12, 2012, dismissal was recommended for failure to state a claim upon which relief can be granted. (*See* doc. 15.)

On June 26, 2012, Plaintiff filed his first amended complaint against Defendants. (doc. 16

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

at 2.) Plaintiff alleges that he purchased the Property on December 29, 2005, and "[t]he original lien-holder was WMC Mortgage Corporation." (WMC). (*Id.* at 3.) He executed "an adjustable rate note" naming WMC as Lender and a deed of trust naming Mortgage Electronic Registration Systems, Inc. (MERS), the nominee for Lender and its successors and assigns, as its beneficiary. (*See* docs. 17-1 at 3; 21-1 at 2.) The deed of trust granted MERS the right to exercise any and all of the interests Plaintiff granted Lender in the deed of trust, including the right to foreclose and sell the Property, and to take any action required by Lender, "including, but not limited to, releasing and canceling the deed of trust." (doc. 17-1 at 4.)

On June 3, 2008, MERS assigned the note and deed of trust to U.S. Bank, as trustee for JPMMAC 2006-WMC1 J.P. Morgan Mortgage Acquisition Corp. (doc. 17-2 at 2.) The assignment document identified MERS as the assignor and specified that MERS was acting as a "nominee for Lender and Lender's successors and assigns." (*Id.*) That same day, U.S. Bank assigned the note and deed trust to itself, as trustee for J.P. Morgan Mortgage Acquisition Corp. 2006-WMC1, Asset Backed Pass-Through Certificates, Series 2006-WMC1. (doc. 17-3 at 2.) The assignments were filed with the Dallas County Clerk. (docs. 17-2 at 4; 17-3 at 5.)

Plaintiff alleges that at some point, WMC "securitized" his loan into a securitization trust. (doc. 16 at 3.) "There was a pooling and servicing agreement which governed the trust," and pursuant to "that agreement, all loans were to be properly assigned … in 2006." (*Id.*) Additionally, his "loan was transferred three times before [JPMC] claimed [its] ownership." (*Id.*)

In February 2012, Defendants purportedly attempted to foreclose on the Property. (*Id.* at 4–5.) Plaintiff contends that Defendants "represented that they were entitled to foreclose pursuant to the powers in the Deed of Trust but [they] did not have the right to do so." (*Id.* at 4.) JPMC

2

"claim[ed] to be the mortgagee and … U.S. Bank claim[ed] to be the loan servicer," and together they misrepresented their authority to foreclose by issuing the notice of foreclosure. (*Id.* at 5.) They made this misrepresentation "intentionally and or negligently" and "for the purpose of taking Plaintiff's home and equity." (*Id.*) In reliance of that misrepresentation he "was forced to obtain counsel and file a lawsuit to prevent [the] foreclosure." (*Id.*)

Plaintiff contends he has superior title to the Property and Defendants' "fraudulent claims are clouding [it]." (*Id.* at 6.) Moreover, he has been financially damaged by having to retain legal counsel to clear his title to the Property. (*Id.*) He asserts claims for misrepresentation and fraud, negligence, and trespass to try title, and seeks a restraining order and a temporary injunction to prevent Defendants from transferring or foreclosing on the Property, a court order "quieting [his] title" to the Property, and costs of suit. (*Id.* at 5–7.)

On July 10, 2012, Defendants moved to dismiss Plaintiff's first amended complaint. (doc. 17.) With a timely filed response (doc. 20) and a timely filed reply (doc. 21), the motion is now ripe for recommendation.

## II.  MOTION TO DISMISS UNDER RULES 8(a) & 12(b)(6)

Defendants move to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6) on the grounds that "Plaintiff has failed to plead facts to support any viable cause of action or cognizable claim ... for relief." (doc. 17 at 2.)

Under Rule 8(a)(2), "[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In turn, Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

3

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at

570; *accord Iqbal*, 129 S. Ct. at 1950–51.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. Pleadings in the 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, Defendants have attached to their motion to dismiss copies of what they contend are the deed of trust and the recorded assignment from MERS to U.S. Bank and from U.S. Bank to itself. (*See* docs. 17-1, 17-2, 17-3.) Defendants also attached to their reply a copy of the promissory

note Plaintiff executed on December 29, 2005. (*See* doc. 21-1.) Because the note and deed of trust are referenced in Plaintiff's complaint and are central to his claims, they are considered part of the pleadings. *See Collins*, 224 F.3d at 499. The recorded assignments are matters of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of ... deeds and assignments"). Because the documents attached to the motion to dismiss are either considered part of the pleadings or are subject to judicial notice, conversion of the motion to dismiss into a motion for summary judgment is unnecessary.

**A.      "Show me your Authority to Foreclose" Theory**

Defendants move to dismiss Plaintiff's complaint, arguing that his purported "show me your authority to foreclose" theory is no different than his previously rejected "show me the note" theory because it "seeks to impose requirements on foreclosure" that are "not mandated by Texas law." (doc. 17 at 3.) They argue that Texas law did "not require[] [them] to show Plaintiff the Note, the Assignment, or any other 'proof' that they [were] entitled to foreclose." (*Id.*) They also contend that "even if it was proper to require a lender or mortgage servicer to demonstrate their authority prior to foreclosure," the recorded assignments show they "ha[d] standing to foreclose [upon] Plaintiff's default." (*Id.* at 4–5.)

Plaintiff generally alleges that "there must be some authority to foreclose and the Texas Property Code does suppose that there be that valid right and not just the technical requirements." (*Id.*) (doc. 16 at 5.) He contends that "Defendants represented that they were entitled to foreclose

pursuant to the powers in the Deed of Trust but [they] did not have the right to do so."[2] (*Id.* at 4.) In his response to Defendants' motion to dismiss, he alleges for the first time that his "show me your authority to foreclose" theory is based on his contention that the assignment of the note and deed of trust from MERS to U.S. Bank was invalid because MERS lacked authority to assign the note since it was never its holder or payee. (doc. 20 at 2.)

The Texas Property Code allows mortgagees and mortgage servicers to conduct a non-judicial foreclosure sale "under a power of sale conferred by a deed of trust or other contract lien." Tex. Prop. Code Ann. § 51.002 (West 2007). The Code defines mortgagee as "the grantee, beneficiary, owner, or holder of a security instrument," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4)(A),(C). It defines "mortgage servicer" as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). A mortgagee may be its own mortgage servicer. *Id.*

Courts have held that the Texas Property Code does not require a mortgagee or mortgage servicer to produce proof of ownership of the original note or deed of trust before conducting a non-judicial foreclosure sale. *See, e.g.*, *Bennett*, 2012 WL 2864751, at *3; *Darocy v. Chase Home Fin., LLC*, No. 3:10-CV-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012) (citations omitted); *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *2 (N.D. Tex. Jan. 23, 2012), *recommendation adopted*, 2012 WL 556055 (N.D. Tex. Feb. 21, 2012). Specifically, production of the note is not required because the lender's authority to foreclose on the

---

[2] Plaintiff's "show me your authority to foreclose" theory appears to be a mere variation of his previously dismissed "show me the note" theory because he essentially requests some form of "wet-ink" instrument showing that Defendants had the right to foreclose under the deed of trust. (*See* doc. 16 at 4–5); (*see also* doc. 15).

mortgaged property "is governed by [its] relationship to the deed of trust, rather than the associated note."³ *See Kramer v. Fannie Mae*, No. A–12–CA–276–SS, 2012 WL 3027990, at *7 (W.D. Tex. May 15, 2012). In turn, production of the deed of trust is not required either because, as the statute provides, being the "holder" of a security instrument, is only one of several ways to prove mortgagee status. *See* Tex. Prop. Code Ann. § 51.0001(4)(A),(C).

A mortgage servicer may also administer a non-judicial foreclosure sale on behalf of a mortgagee if the two entities enter into a servicing agreement and provide the borrower with certain disclosures. *See id.* § 51.0025. As courts have noted, however, no provision of § 51.0025 "require[s] the mortgage servicer to be the 'holder' of the Note and Deed of Trust or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3-09-CV2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *recommendation adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010); *see also Darocy*, 2012 WL 840909, at *10 (explaining that § 51.0025 of the Texas Property Code "contemplates that someone other than the holder of the original [security instrument] may lawfully foreclose on the security interest").

Here, the deed of trust named MERS as the beneficiary under the deed of trust, making it the original mortgagee. *See* Tex. Prop. Code § 51.0001(4)(A); (doc. 17-1 at 3). As mortgagee, and as nominee for Lender and its successors and assigns, MERS held legal title to the Property and had the right to foreclose and sell the Property upon default. (*See* doc. 17-1 at 4.) Upon the assignment

---

³ "Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). Under Texas law, promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, "the note against the borrower and the lien against the real property." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.) (citation omitted). When the lender seeks a personal judgment against the borrower, it "must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument." *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *3 (W.D. Tex. Mar. 26, 2012). By contrast, "[f]oreclosure is an independent action against the collateral" that "enforces the deed of trust, not the underlying note." *Reardean*, 2011 WL 3268307, at *3.

of the deed of trust from MERS, U.S. Bank and its successors and assigns became the new mortgagee(s) and acquired all of MERS's rights. *See Warren v. Bank of Am.,* N.A., No. 3:11-CV-3603-M, 2012 WL 3020075, at *4 (N.D. Tex. June 19, 2012), *recommendation adopted*, 2012 WL 3024746 (N.D. Tex. July 24, 2012) (finding that upon the assignment of the deed of trust from MERS to the defendant, the defendant "and its successors acquired [MERS's] rights to sell and foreclose on the property"); *Lamb v. Wells Fargo Bank*, N.A., 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012) (same). As mortgagee, U.S. Bank could foreclose on the Property upon Plaintiff's default without having to produce the note or the deed of trust. *See Bennett*, 2012 WL 2864751, at *3. Although not required by the Texas Property Code, U.S. Bank has produced the deed of trust and the recorded assignments, which negate Plaintiff's allegations that it lacked authority to foreclose on the Property. (*See* docs. 17-1, 17-2, and 17-3.)

U.S. Bank could also authorize JPMC, as mortgage servicer, to service Plaintiff's mortgage and foreclose on the Property on its behalf, so long as they set a servicing agreement in place and gave proper notice to Plaintiff. *See* Tex. Prop. Code § 51.0025. As the servicer of Plaintiff's mortgage, JPMC could foreclose on the Property without producing the note or deed of trust. *See Sawyer*, 2010 WL 996768, at *3. Without more, Plaintiff's bare allegation that JPMC lacked authority to foreclose fails to raise a reasonable inference that JPMC engaged in any wrongdoing with respect to the foreclosure. As in his first complaint, Plaintiff "does not claim that JPMC was not the mortgagee or mortgage servicer on the mortgage loan, or any facts to support such allegations." *Bennett*, 2012 WL 2864751, at *3. Accordingly, to the extent that Plaintiff's claims against Defendants are based on his allegation that they lacked authority to foreclose, his claims are subject to dismissal for failure to state a claim. *See id.* at *3–4 (dismissing wrongful foreclosure

9

claim that was based on an unsupported allegation that the defendants "had no right to foreclose or provide a notice of sale"); *compare Shelton v. Flagstar Bank, F.S.B.*, No. CIV.A. H-11-3805, 2012 WL 1231756, at *2 (S.D. Tex. Apr. 12, 2012) (denying the defendant's motion to dismiss where the plaintiff alleged that the defendant lacked authority to foreclose because it was neither the mortgagee nor the mortgage servicer and where the defendant was "merely one of three possible contenders for the status of current mortgagee," "the attachments to [the plaintiff's] original petition indicate[d] significant confusion regarding the identity of the current mortgagee," and the identify of "the current mortgage servicer [was] likewise ... in doubt").[4]

## B. Misrepresentation and Fraud

Defendants move to dismiss Plaintiff's claim for misrepresentation and fraud, arguing that he has failed to plead any facts supporting his allegations that Defendants were not entitled to foreclose, that he reasonably relied on the alleged misrepresentation, and that such reliance caused him to sustain damages. (doc. 17 at 5–6.)

In Texas, the elements of fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without

---

[4] In his response to Defendants' motion, Plaintiff alleges that Defendants lacked authority to foreclose because the assignment from MERS to U.S. Bank was somehow improper due to MERS's purported lack authority to transfer the note. (*See* doc. 20 at 2.) Because Plaintiff raises these allegations for the first time in response to Defendants' motion, they are not considered. *See Renfrow v. CTX Mortg. Co., LLC*, No. 3:11-CV-3132-L, 2012 WL 3582752, at *4 (N.D. Tex. Aug. 20, 2012) (explaining that in determining a Rule 12(b)(6) motion, "[a]llegations outside of the Petition may not be considered by the court") (citing to *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.1991), *cert. denied*, 502 U.S. 1030 (1992)). Even if considered, these allegations cannot support a claim for relief because numerous courts have held that a transfer of the note or deed of trust automatically transfers the other. *See, e.g.*, *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-CV-0613-D, 2012 WL 2196040, at *3 (N.D. Tex. June 15, 2012) (Fitzwater, C.F.) (holding that "the transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions"); *Kramer*, 2012 WL 3027990, at *5–6 (noting that "[t]here is substantial authority for the principle that, just as transfer of a promissory note operates to transfer the associated deed of trust, a transfer of the deed of trust likewise transfers the note") (listing cases).

knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010)).

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation omitted).

Here, Plaintiff's fraud claim is based on Defendants' purported lack of authority to foreclose on the Property. (*See* doc. 16 at 5.) He contends that although "Defendants [did] not have the right to foreclose," they misrepresented they had authority to foreclose in February 2012 "for the purpose of taking Plaintiff's home and equity from him intentionally and or negligently." (*Id.*) He alleges that "[i]n reliance on the misrepresentation, Plaintiff was forced to obtain counsel … to prevent [the] foreclosure." (*Id.*) Plaintiff's allegations fail to state a fraud claim against U.S. Bank because U.S.

11

Bank acquired the authority to foreclose on the Property upon the assignment of the deed of trust. *See Warren*, 2012 WL 3020075, at *4; *Lamb*, 2012 WL 1888152, at *5. With respect to his claim against JPMC, although he attempts to establish the "who, what, when, and where," he fails to state *why* JPMC's actions constituted a misrepresentation.[5] *See Williams*, 112 F.3d at 177. He also fails to allege any facts supporting an inference that JPMC intended that Plaintiff act on its purported misrepresentation. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) … The plaintiffs must set forth *specific facts* supporting an inference of fraud[,] ... such as identify[ing] circumstances that indicate conscious behavior on the part of the defendant.") (citations omitted) (emphasis in original). Finally, Plaintiff's statement that he retained legal counsel to "prevent" the foreclosure fails to show reasonable reliance on his part, and shows instead his attempt to contest Defendants' purportedly fraudulent actions. (*See* doc. 16 at 5.)

Plaintiff's claim for misrepresentation and fraud against U.S. Bank should be dismissed under Rule 12(b)(6) for failure to state a claim, and his claim against JPMC should be dismissed under Rule 9(b) for failure to meet the rule's heightened pleading requirements.

## C. Negligence

Defendants also argue that Plaintiff's negligence claim should be dismissed because he fails to allege any of the elements for this cause of action.[6] (doc. 17 at 7.)

---

[5] In his response to Defendants' motion, he alleges that Defendants lacked authority to foreclose due to the purportedly defective assignment from MERS. (*See* doc. 20 at 2.) This allegation cannot support his fraud claim because it is based on an invalid legal theory.

[6] Defendants also allege that "Plaintiff fails to identify a legally cognizable duty owed by Defendants" because "the parties' relationship [was] governed by a contract." (doc. 17 at 7.) "Despite the apparent nonexistence under Texas law of a 'special' or fiduciary relationship between a mortgage servicer and borrower, or a lender and borrower, a lender may still owe a borrower the duty to exercise reasonable care to avoid a foreseeable risk of injury to the borrower." *Hurd*, 880 F. Supp. 2d at 763 (citing to *In re Thrash*, 433 B.R. 585, 597–98 (N.D. Tex. 2010).

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).

Plaintiff avers generally that Defendants "misrepresented" their authority to foreclose "for the purpose of taking Plaintiff's home and equity from him intentionally and or negligently." (doc. 16 at 5.) He claims he "suffered damages and was forced to obtain counsel to prevent his home from being taken illegally." (*Id.* at 6.) These allegations cannot plausibly entitle him to relief because he fails to specify what damages he suffered or how he suffered such losses. Because Plaintiff fails to allege enough facts to support his negligence claim, this claim should be dismissed for failure to state a claim.

**D.     Trespass to Try Title**

Defendants contend that Plaintiff's trespass to try title claim is subject to dismissal because he does not allege that the deed of trust "is somehow unenforceable" and he "has failed to show any superior title in the Property or any invalid or unenforceable claim by Defendants." (doc. 17 at 8.)

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000). This action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.) (citations omitted). To prevail, a plaintiff must either: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not

13

abandoned." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). Ultimately, the plaintiff "must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 236 (citing to *Hejl v. Wirth*, 343 S.W.2d 226 (1961) and *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

Here, Plaintiff conclusorily alleges that he has superior title to the Property and that Defendants' "fraudulent claims are clouding his title." (doc. 16 at 6.) Nonetheless, other than his unsupported allegation that Defendants lacked authority to foreclose, he fails to allege any facts giving rise to a reasonable inference that he has superior title to the Property vis-à-vis Defendants, or that Defendants' claim to the Property is invalid or unenforceable. Moreover, he does not allege that he has lost possession of the Property to Defendants, and he seeks injunctive relief "restraining" Defendants from "attempting to foreclose on the Property." (*Id.* at 6–7.) Accordingly, his trespass to try title claim should be dismissed for failure to state a claim. *See Hurd*, 880 F. Supp. 2d at 767.[7]

**E.      Injunctive Relief**

Defendants last contend that "Plaintiff is not entitled to injunctive relief" because he has not pled a viable cause of action. (doc. 17 at 9.)

"To obtain injunctive relief, plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, Plaintiff seeks a court order clearing his purported

---

[7] In his response to Defendants' motion to dismiss, Plaintiff asserts a claim for violations of the Texas Debt Collection Practices Act (TDCPA). (*See* doc. 20 at 6.) Because he raises the claim for the first time in a responsive pleading, the claim is not considered. *See Renfrow*, 2012 WL 3582752, at *4.

title to the Property and a restraining order and a temporary injunction "restraining" Defendants from "attempting to foreclose on the Property." (doc. 16 at 6–7.) Because dismissal of Plaintiff's claims is warranted on the merits, he cannot establish any likelihood of success on the merits. *See id.* Accordingly, Plaintiff's request for injunctive relief should be denied.

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). However, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff was granted leave to file an amended complaint after dismissal of his first complaint was recommended for failure to state a claim. (*See* doc. 15 at 10.) Nevertheless, his first amended complaint has also failed to state a viable claim against Defendants because his claims appear to be based on essentially the same legal theories as his first complaint. It appears therefore, that he has alleged his best case to the Court.

## IV. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED**, and Plaintiff's claims against them for misrepresentation and fraud, negligence, and trespass to try title should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED on this 5th day of February, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE